Dear Honorable Graves,
The Attorney General has received your request for an opinion wherein you ask, in effect, the following question:
 Does 21 O.S. 481[21-481] et seq. (1971), (Oklahoma Nepotism Statutes) prohibit the employment of a rural water district board member's wife as a full time secretary?
Title 21 O.S. 481 (1971) provides:
 "It shall be unlawful for any executive, legislative, ministerial or judicial officer to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the state, district county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointees is to be paid out of public funds or fees of such office. Provided, however, that for the purposes of this chapter, a divorce of husband and wife shall terminate all relationship by affinity that existed by reason of the marriage, regardless of whether the marriage has resulted in issue who are still living."
21 O.S. 482 provides:
 "It shall be unlawful for any such executive, legislative, ministerial or judicial officer mentioned in the preceding section, to draw or authorize the drawing of any warrant or authority for the payment out of any public fund, of the salary, wages, pay or compensation of any such ineligible person, and it shall be unlawful for any executive, legislative, ministerial or judicial officer to pay out of any public funds in his custody or under his control the salary, wages, pay or compensation of any such ineligible person."
21 O.S. 487 provides:
 "Under the designation executive, legislative, ministerial or judicial officer as mentioned herein are included the Governor, Lieutenant Governor, Speaker of the House of Representatives, Corporation Commissioners, all the heads of the departments of the State Government, judges of all the courts of this State, mayors, clerks, councilmen, trustees, commissioners and other officers of all incorporated cities and towns, public school trustees, officers and boards of managers of the State University and its several branches, State Normals, the penitentiaries and eleemosynary institutions, members of the Commissioners Court, and all other officials of the State, district, county, cities or other municipal subdivisions of the State." (emphasis added)
The purpose of these statutes was first construed in Reddell v. State,14 Okla. Cr. 199, 170 P.273 (1918), wherein the Court stated:
 "The question naturally arises: What was the intent and purpose of the foregoing statutes? It is within the knowledge of the members of this court that, prior to the adoption of antinepotism statutes in this country, a practice had arisen wherein it was the custom of elected officials to appoint their relatives to subordinate positions and employments in their department of state and municipal government. It was this practice that led undoubtedly to the adoption of such statutes, and this is the practice we think it was clearly intended to abolish."
In determining whether or not a rural water district comes within the purview of the anti-nepotism provisions, reference must be made to 82 O.S. 1324.1[82-1324.1] et seq. (1971).
82 O.S. 1324.2 (1) defines "district" as:
 "District" means a public nonprofit water district, a nonprofit sewer district, a public nonprofit natural gas distribution district or a nonprofit solid waste management district or a district for the operation of all or a combination of waterworks, sewage facilities, natural gas distribution facilities and solid waste management systems, created pursuant to this act."
82 O.S. 1324.3, purpose of the "district", provides, in part:
 "Public nonprofit rural water districts, public nonprofit rural sewer districts, public nonprofit natural gas distribution districts and public nonprofit rural solid waste management districts may be organized under this act for the purpose of developing and providing an adequate rural water supply, gas distribution facilities, sewage disposal facilities and solid waste management system to serve and meet the needs of rural residents within the territory of the district." (emphasis added)
82 O.S. 1324.6 provides, in part, upon incorporation:
 "Thereupon the district shall be a body politic and corporate and an agency and legally constituted authority of the State of Oklahoma for the public purposes set forth in this act. . . ." (emphasis added)
82 O.S. 1324.10, powers of the district, provides, in part:
 "(4) To borrow money and otherwise contract indebtedness for the purposes set forth in this act, and without limitation of the generality of the foregoing, to borrow money and accept grants from the United States of America, or from any corporation or agency created or designated by the United States of America, and in connection with such loan or grant, to enter into such agreements as the United States of America or such corporation or agency may require; and to issue its notes or obligations therefor, and to secure the payment thereof by mortgage, pledge or deed of trust on all or any property, assets, franchises, rights, privileges, licenses, rights-of-way, easements, revenues, or income of the said district." (emphasis added)
 "(10) To fix, regulate and collect rates, fees, rents or other charges for water, gas and any other facilities, supplies, equipment or services furnished by the district. Said rates shall be just, reasonable and nondiscriminatory." (emphasis added)
These sections reveal the legislature intended a rural water district be incorporated as a body politic and a public nonprofit corporation, thereby, making the district, a governmental entity formed for public purposes and empowered to use public funds, collect revenue and fees for services rendered all on behalf of the public within its district. Therefore, a district exists for the sole benefit of the general public to promote public health, convenience, and welfare.
The board of directors for the district are elected from the public membership of its district to serve as officials and administer the affairs of the district for the public purposes intended from its formation.
Therefore, it is the opinion of the Attorney General that a rural waterdistrict created by 82 O.S. 1324.1[82-1324.1] et seq. (1978), is agovernmental body within the prohibitions of the Oklahoma nepotismstatutes and a board member's wife being related within the third degreeby affinity or consanguinity would be ineligible for full time employmentby the district.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
WILLIAM S. FLANAGAN, ASSISTANT ATTORNEY GENERAL